IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-112-BO

| | |
|---|---|
| CLEVIE M. LOVETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 18, 2017, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on March 23, 2015, alleging disability since February 26, 2015. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's degenerative disc disease, osteoarthritis, and obesity were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with some exertional limitations. The ALJ found that plaintiff could return to her past relevant work as a nurse supervisor and charge nurse. Thus, the ALJ determined that plaintiff was not disabled from her alleged onset date through the decision date, January 12, 2016.

Plaintiff contends that the ALJ erred in determining that plaintiff could perform her past relevant work and that the ALJ erred in finding that plaintiff could perform a reduced range of light work. The Court addresses each assignment of error in turn.

Plaintiff's argument concerning whether she could perform her past relevant work focuses on whether she could perform her past nursing jobs as she performed them. Indeed, the vocational

3

expert (VE) at the hearing noted that plaintiff's past work as performed was either medium or heavy. Tr. 48-49. However, the inquiry before the ALJ is not whether plaintiff could perform her past work as she performed it, but rather whether she can perform that work as it is performed generally in the national economy. SSR 82-61. The VE testified that as it is generally performed, the job of nurse supervisor and charge nurse is light. Tr. 48. Thus, the ALJ did not commit error in finding that with an RFC of light plaintiff could return to her past relevant work.

The ALJ's RFC assessment is further supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). Although plaintiff contends that the ALJ's RFC finding contradicts the assessment of Dr. Gebrail, the consultative examiner, the ALJ afforded Dr. Gebrail's opinion great weight. Tr. 21. Further, Dr. Gebrail noted that plaintiff would benefit from performing more sedentary work than the work she had been performing, which was classified as medium or heavy, not that she would be limited to sedentary work as that term is defined under the Social Security regulations. Tr. 417. Thus, the ALJ's determination that plaintiff could perform light work does not contradict Dr. Gebrail's opinion, and is otherwise supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 11] is DENIED and defendant's motion for judgment on the pleadings [DE 13] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this 5 day of June, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE